UNITED STATES of America

v.

Oliver L. NORTH.

Crim. No. 88–0080–02.

United States District Court,
District of Columbia.

Feb. 23, 1989.

MEMORANDUM AND ORDER

GESELL, District Judge.

Re: *Motion (# 5) of Defendants to Dismiss the Indictment or, in the Alternative, for a Change of Venue Because of Prejudicial Pretrial Publicity.*

Now that a jury of twelve, plus five alternates, has been selected and sworn, the Court will finally dispose of the above motion, filed May 16, 1988, which urges that pretrial publicity bars a fair trial, particularly in this jurisdiction. After receiving briefs and hearing argument, the motion was preliminarily denied, without prejudice, on June 8, 1988, pending efforts to select an impartial jury, which left the issue in abeyance until this stage. The Court set forth its reasoning in some detail commencing at page 68 of the transcript for June 8, 1988 and summarized its position at that time in relevant part as follows:

> Experience here again in this city with high profile cases engendering publicity such as Watergate, the prosecution of officials of the current administration and in other situations strongly suggest that a completely impartial jury can be seated.
>
> If this case is viewed as a political scandal, as one of defense counsel suggested, such scandals have been everyday fare in this city for scores of years. And while some of the public becomes thoroughly engrossed in such a story many do not. They have other more pressing immediate concerns. Rent, jobs, and a myriad of other things. Any further consideration of publicity must await the jury's selection. Tr. at 72.

The jury was chosen from a venire of 235 prospective jurors [1] after the Court allowed the United States six peremptory challenges and the defense ten plus three on each side for the alternates.

Counsel and the Court were aided by a 13–page questionnaire completed by each prospective juror under oath (see sample attached). One hundred fifty-six prospective jurors who stated in response to question 30, 31 or 32 that they had heard or read North's immunized testimony publicized by Congress were automatically ex-

---

1. In addition to this venire, approximately 80 prospective jurors were excused for cause on the basis of health, absence from the city etc. with the consent of counsel on the basis of information contained in an earlier qualifying questionnaire, without having to come to the Courthouse.

cused for cause without individualized voir dire. Jurors who answered "no" to those questions underwent a searching inquiry conducted by the Court and counsel from both sides. This inquiry was conducted entirely on an individual basis, with each juror being questioned separately, and 35 jurors were excused after individual voir dire. Any prospective juror who had rudimentary prior knowledge of North's immunized testimony or issues in the case was excused.[2] Other excuses were also granted for a variety of statutory or other reasons. Selection consumed 37½ hours over seven days.

The Court is entirely satisfied that the jurors eventually selected are unbiased, and that they will judge the facts free of any taint, based solely on the evidence and the instructions of the Court, without being influenced by pretrial publicity or political considerations.

The composition of the jury is as follows:
Male: 3
Female: 9
Age Range: 20–64
Average age: 41
Retired: 0
Employed: 10
Looking for Work: 2
Racial composition: 12 Blacks.
Education Range: Ninth grade to business school, eight jurors having completed 12th grade.
Occupations represented include: cashier, bus driver, technical communications specialist, surgical lab technician, copy machine operator, clerk-typist, office manager, librarian's assistant, military personnel clerk, statistical data entrant and secretary/administrative assistant.
Military connection: 2 jurors presently work for the military in a civilian capacity, and two others used to perform civilian work for the military. One juror served in the Army during World War II, and ten others have a close relative who

has served in the military and had a favorable experience.

This is a group of conscientious, hard-working persons, many of whom are well-informed regarding local affairs but who understandably have less interest in national affairs because District of Columbia residents cannot vote for a Senator or voting Representative. They are all conscious of their civic duty to serve as jurors and are willing to serve, some at considerable sacrifice, as the law requires during what may prove to be a long trial.

The motion is denied.

SO ORDERED.

---

2. The bare transcript may indicate some slight variation in the Court's decisions when finding a prospective juror qualified or unqualified based on hearing immunized testimony. In a few instances the Court attempted to lean in favor of defendant if it felt responses of a particular juror may have not been fully candid. *Patton v. Yount,* 467 U.S. 1025, 1039, 104 S.Ct. 2885, 2893, 81 L.Ed.2d 847 (1984).